UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. 3512 FOR 2703(d) ORDER FOR ONE E-MAIL ACCOUNT SERVICED BY GOOGLE LLC | ML No. _____ |

*Reference:* DOJ Ref. # CRM-182-64378; Subject Account: tyroman1239990@gmail.com

## APPLICATION OF THE UNITED STATES
## FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. §§ 2703(d) and 3512(a), and the Agreement between the United States of America and the Republic of Poland on the Application of the Treaty between the United States of America and the Republic of Poland on Mutual Legal Assistance in Criminal Matters signed 10 July 1996, pursuant to Article 3(2) of the Agreement on Mutual Legal Assistance between the United States of America and the European Union signed at Washington 25 June 2003, Poland-U.S., June 9, 2006, S. TREATY DOC. NO. 109-13 (2006) (hereinafter, the "Agreement"), to execute a request from the Republic of Poland ("Poland"). The proposed Order would require Google LLC ("PROVIDER"), an electronic communication service and/or remote computing service provider located in Mountain View, California, to disclose certain records and other information pertaining to the PROVIDER account associated with tyroman1239990@gmail.com, as set forth in Part I of Attachment A to the proposed Order, within ten days of receipt of the Order. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this

application, the United States asserts:

## LEGAL BACKGROUND AND JURISDICTION

1.	PROVIDER is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require PROVIDER to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2.	Pursuant to the applicable treaty, this Court has jurisdiction to issue the proposed Order. *See* Agreement Annex art. 5(1) (authorizing courts to issue orders necessary to execute the request). In addition, this Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. 18 U.S.C. § 2703(d). Specifically, the Court "is acting on a request for foreign assistance pursuant to [18 U.S.C.] section 3512." 18 U.S.C. § 2711(3)(A)(iii); *see also* 18 U.S.C. § 3512(a)(2)(B) (court may issue "a warrant or order for contents of stored wire or electronic communications or for records related thereto, as provided under section 2703"); 18 U.S.C. § 3512(c)(3) ("application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia").

3.	Section 3512 provides:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

18 U.S.C. § 3512(a)(1). This application to execute Poland's request has been duly authorized

by an appropriate official of the Department of Justice, through the Criminal Division, Office of International Affairs,[1] which has authorized execution of the request and has delegated the undersigned to file this application. The undersigned has reviewed the request and has confirmed that it was submitted by authorities in Poland in connection with a criminal investigation and/or prosecution.

4. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

**RELEVANT FACTS**

5. Authorities in Poland are investigating Adam Bartecki ("Bartecki") for public corruption related offenses, which occurred in or about June 2017, in violation of the criminal law of Poland, specifically, Articles 231 and 238 of the Criminal Code of Poland. A copy of the applicable law is appended to this application. The United States, through the Office of International Affairs, received a request from Poland to provide the requested records to assist in

---

[1] The Attorney General, through regulations and Department of Justice directives, has delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters. *See* 28 C.F.R. §§ 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

the criminal investigation and/or prosecution. Under the Agreement, the United States is obligated to render assistance in response to the request.

6. According to Polish authorities, sometime in June 2017 the Province Police Headquarters in Katowice, Poland (the "Province Police Headquarters") received an e-mail from an unknown person using the e-mail address borys12345@onet.pl. The message alleged that Bartecki, a staff sergeant employed by the City Police Headquarters in Tychy, Poland (the "City Police Headquarters"), had obtained a housing allowance subsidy based on false pretenses. The message was forwarded by the Province Police Headquarters to the City Police Headquarters, and the City Police Headquarters launched an internal proceeding (the "internal proceeding") to further investigate Bartecki's alleged conduct.[2]

7. One June 26, 2017, the City Police Headquarters received an e-mail from another unknown person using the e-mail address **tyroman1239990@gmail.com**. The message alleged that a woman named "Justyna" was selling counterfeit perfumes and clothes, and customers would place orders for the fraudulent goods at the e-mail address borys12345@onet.pl.

8. Bartecki was assigned to investigate the allegations contained in the June 26, 2017, e-mail. Bartecki subsequently asked his superiors for permission to pursue certain actions that would have enabled him to identify the user of borys12345@onet.pl.

9. Polish authorities suspect that Bartecki may have sent the anonymous June 26, 2017, e-mail himself as a pretense in order to enable him to investigate who had used the e-mail

---

[2] During the course of the Polish investigation, Polish authorities determined that the e-mail from "borys12345@onet.pl" was sent by another officer employed at the City Police Headquarters who claims he had overheard a conversation in which Bartecki stated that he had obtained a housing allowance subsidy under false pretenses.

address borys12345@onet.pl to inform the Province Police Headquarters of his alleged housing allowance subsidy fraud.

10.Polish authorities are seeking subscriber and transactional records for the e-mail address **tyroman1239990@gmail.com**, in order to determine whether Bartecki was involved in sending the June 26, 2017 e-mail.

11.The e-mail address **tyroman1239990@gmail.com** is serviced by PROVIDER.

### **REQUEST FOR ORDER**

12.The facts set forth above show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help authorities in Poland identify and locate the individual(s) who are responsible for the criminal activity under investigation, and to determine the nature and scope of that criminal activity. Accordingly, the United States requests that PROVIDER be directed to produce all items described in Part II of Attachment A to the proposed Order within ten days of receipt of the Order.

Respectfully submitted,

VAUGHN A. ARY
DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
OK Bar Number 12199

By: _____
Martyna Pospieszalska
Trial Attorney
NY Bar Number 5018528
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W., Suite 800
Washington, D.C.  20530
(202) 598-8012 telephone
(202) 514-0080 facsimile
Martyna.Pospieszalska@usdoj.gov

## Relevant Provision(s) of Criminal Code of Poland

**Article 231, Section 1**
A public official who, exceeding his rights or failing to fulfill his duties, acts to the detriment of public or individual interest, is subject to the penalty of imprisonment for a period up to 3 years.

**Article 238**
A person who notifies of a crime a body established to prosecute while knowing that no such crime has been committed is subject to a fine, a penalty of limitation of freedom or imprisonment for a period of up to 2 years.

## ATTACHMENT A

I. **The Account**

The Order applies to certain records and information for any Google LLC ("PROVIDER") account associated with the following identifier: tyroman1239990@gmail.com and any preserved data and/or preservation numbers associated therewith.

II. **Records and other information to be disclosed**

   A. **Information about the customer or subscriber of the Account**

   PROVIDER is required to disclose to the United States the following records and other information, if available, for each account or identifier listed in Part I of this Attachment (the "Account") constituting information about the customer or subscriber of the Account:

   1. Names (including subscriber names, user names, and screen names);

   2. Addresses (including mailing addresses, residential addresses, business addresses, and email addresses);

   3. Local and long distance telephone connection records;

   4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

   5. Length of service (including start date) and types of service utilized;

   6. Telephone or instrument numbers (including MAC addresses);

   7. Other subscriber numbers or identities (including the registration IP address), including any current or past accounts linked to the Account by telephone number, recovery or alternate e-mail address, IP address, or other unique device or user identifier; and

   8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

   B. **All records and other information relating to the Account (except the contents of communications)**

   PROVIDER is required to disclose to the United States the following records and other

information, if available, for the Account for the time period from June 19, 2017, to and including July 3, 2017, constituting all records and other information relating to the Account (except the contents of communications), including:

1. Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses; and

2. Information about each electronic communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers), and any other associated header or routing information.

3. Identification of any PROVIDER account(s) that are linked to the Account by cookies, including all PROVIDER user IDs that logged into PROVIDER's services by the same machine as the Account.